# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WALTER P. WALKER,**

        **Plaintiff,**

    **v.**                              **CASE NO. 17-3073-SAC**

**KANSAS CITY KANSAS POLICE
DEPARTMENT, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff, a prisoner, proceeds pro se. On May 4, 2017, U.S. Magistrate Judge Waxse denied leave to proceed in forma pauperis, finding plaintiff has three qualifying strikes and has not made the necessary showing to proceed under 28 U.S.C. § 1915(g)[1].

Plaintiff has filed a response (Doc. #7) and a motion to appoint counsel (Doc. #8). In the response, plaintiff argues that he has had no prior disqualifying strikes. However, the Court has reviewed the cases cited by Judge Waxse and concludes that plaintiff was the complaining party in each case and that the terminations of those cases qualify as strikes under Section 1915(g).[2] Likewise, the Court agrees that the medical conditions of which plaintiff complains do not suggest that he is imminent danger of serious physical harm.

---

[1] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
[2] The signature pages from each complaint are attached to demonstrate the plaintiff signed each one.

Accordingly, the Court directs plaintiff to submit the filing fee or on before June 4, 2017.

Plaintiff also moves for the appointment of counsel. As a party to a civil action, plaintiff has no constitutional right to appointed counsel. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10 th Cir. 1988)(per curiam). However, in its discretion, a federal court may appoint counsel to assist a party who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). A court deciding whether to appoint counsel should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(internal quotations and citations omitted).

The Court has carefully reviewed the motion and declines to appoint counsel. Plaintiff's motion appears to add a number of unrelated arguments and references, and the Court finds no argument or issue that warrants the appointment of counsel.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to appoint counsel (Doc. #8) is denied. Plaintiff remains obligated to pay the full filing fee on or before June 4, 2017.

**IT IS SO ORDERED.**

DATED: This 12th day of May, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge